**WHITLEY v. KENNERY**

[132 N.C. App. 390 (1999)]

ROBERT WAYNE WHITLEY, PLAINTIFF v. RODNEY EUGENE KENNERY, JASON SIDNEY LEWIS, JOEL COLBURN LEWIS, II, AND CHERRY DOVER LEWIS, DEFENDANTS

No. COA98-1004

(Filed 16 February 1999)

## Statute of Limitations— tolling—restitution

The trial court erred by dismissing a civil action for assault and battery based upon the conclusion that the one-year statute of limitations of N.C.G.S. § 1-54(3) was not tolled by N.C.G.S. § 1-15.1 because the court ordered restitution but did not set a specific amount. It is clear that the intent of N.C.G.S. § 1-15.1 is to toll the statute of limitations pending payment of all restitution, the court in this case clearly indicated that it was ordering restitution as a monetary condition and special condition of probation and the judge also clearly indicated that he was holding open the matter of restitution pending determination of insurance coverage. The statute of limitations remained tolled pending the entry of an order establishing the amount of restitution and the payment in full of that amount by defendants, or until the terms of the judgment are set aside and probation terminated.

Appeal by plaintiff from order entered 5 June 1998 by Judge Thomas W. Ross in Cabarrus County Superior Court. Heard in the Court of Appeals 25 January 1999.

Plaintiff appeals the trial court's dismissal of plaintiff's civil action against defendants for assault and battery. The trial court dismissed plaintiff's action on the grounds that it was barred by the one-year statute of limitations pursuant to G.S. 1-54(3) and furthermore that G.S. 1-15.1 did not operate to toll the statute of limitations.

As plaintiff was jogging on a sidewalk in Kannapolis on 17 September 1995, he was struck in the right eye by an egg thrown from a passing pickup truck occupied by defendants Robert Eugene Kennerly, Jason Sidney Lewis, and Joel Colburn Lewis, II. On 7 March 1996 defendants pled guilty to a criminal charge of assault with a deadly weapon and the court placed defendants on supervised probation for two years. As a monetary condition of probation, the court decreed that restitution was "[t]o be determined." As a special condition of probation, the court ordered "[r]estitution to be held open to [a] later date (until civil process is settled)." The court

identified plaintiff by name and address as the aggrieved party to receive restitution.

On 19 November 1997 plaintiff filed this civil action seeking damages for the injuries he incurred as a result of the assault. Defendants Kennerly and Lewis filed answers and asserted the statute of limitations as a defense, and entry of default was made against defendant Jason Lewis. The trial court heard defendants' motion to dismiss at the 11 May 1998 session of court. The trial court held that the one-year statute of limitation for assault and battery expired on 17 September 1996 and that G.S. 1-15.1 did not operate to toll the statute because the trial court in the criminal action had not ordered a specific amount of restitution. The court accordingly dismissed the action. Plaintiff appeals.

*Wesley B. Grant and C. Todd Williford for plaintiff-appellant.*

*Michael A. Johnson, Jr., for Robert Eugene Kennerly, defendant-appellee.*

*Essex, Richard, Morris, Jordan & Matus, P.A., by Robert S. Blair, Jr., for Joel Colburn Lewis, II, defendant-appellee.*

EAGLES, Chief Judge.

Plaintiff contends that the court erred by concluding that the one-year statute of limitation of G.S. 1-54(3) (1996) was not tolled by G.S. 1-15.1 (1996), which states in pertinent part:

(a) Notwithstanding any other provision of law, if a defendant is convicted of a criminal offense and is ordered by the court to pay restitution or restitution is imposed as a condition of probation, special probation, work release, or parole, then all applicable statutes of limitation and statutes of repose, except as established herein, are tolled for the period set forth in this subsection for purposes of any civil action brought by an aggrieved party against that defendant for damages arising out of the offense for which the defendant was convicted. Any statute of limitation or repose applicable in the civil action shall be tolled from the time of entry of the court order

(1) Requiring that restitution be made,

(2) Making restitution a condition of probation or special probation, or

(3) Recommending that restitution be made a condition of work release or parole, and until the defendant has paid in full the amount of restitution ordered or imposed. Provided, however, in no event shall an action to recover damages arising out of the criminal offense be commenced more than 10 years from the last act of the defendant giving rise to the cause of action.

Defendants argue, and the trial court agreed, that by not setting a specific amount of restitution, the sentencing court did not enter an order of restitution. We cannot subscribe to this argument.

It is clear that the intent of G.S. 1-15.1 is to toll the statute of limitation pending payment of all restitution. While the sentencing court in the criminal case did not enter an order setting the amount of restitution, the court clearly indicated in the judgments that it was ordering restitution as a monetary condition and special condition of probation. The sentencing judge also clearly indicated in open court that he was holding open the matter of restitution pending the determination of insurance coverage and that he was going to "do what we can for Mr. Whitley."

We hold that the sentencing court in the criminal action effectively tolled the running of the statute of limitation for plaintiff's civil action when the court decreed that restitution was to be determined later. By operation of G.S. 1-15.1, the statute of limitation remained tolled pending the entry of an order establishing the amount of restitution and the payment in full of that amount by the defendants, or until the terms of the judgment are satisfied and probation terminated.

Accordingly, we reverse the trial court's order dismissing plaintiff's civil action for assault and battery and remand the case to the trial court for further proceedings.

Reversed and remanded.

Judges McGEE and HORTON concur.